UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

    Plaintiff,

v.                                                       Civil Case No. 18-20240
                                                      Honorable Linda V. Parker

SONJA EMERY,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO APPOINT EXPERT TO ASSIST DEFENDANT'S COUNSEL IN EVALUATING THE PSYCHOLOGICAL FORENSIC REPORT OF MIKEL MATTO, M.D.

On October 28, 2019, Defendant filed a motion to appoint an expert to assist defense counsel in evaluating a report that contains the conclusions of Dr. Mikel Matto, a psychiatrist appointed by the Court to determine Defendant's competency to stand trial. (ECF No. 87.) Defendant argues that counsel "[can] not effectively cross examine Dr. Matto without the assistance of his own expert who would review the report and records" and (i) "advise . . . of any deficiencies in the report"; (ii) "advise . . . [of] potential cross examination questions"; (iii) "counsel . . . whether Dr. Matto failed to administer any tests"; and (iv) "counsel . . . whether the tests he did administer were adequate." (*Id.* at Pg. ID 664-65.) Defendant

contends that *Ake v. Oklahoma*, 470 U.S. 68 (1985) mandates such an expert in cases like the one at bar.[1] (*Id*. at Pg. ID 666.)

However, the difference between an insanity defense and competency to stand trial points to a deep flaw in Defendant's argument—and neither *Ake* nor *McWilliams v. Dunn*, 137 S. Ct. 1790 (2017) provide a solution. As Defendant concedes, (Def.'s Mot., ECF No. 87 at Pg. ID 666), *McWilliams* states in relevant part:

> *Ake* thus clearly establishes that **when its threshold criteria are met**, a State must provide a mental health professional capable of performing a certain role: "conduct[ing] an appropriate examination and assist[ing] in evaluation, preparation, and presentation of the defense."

137 S. Ct. 1794 (emphasis added) (citation omitted). What are *Ake*'s "threshold criteria"? *Ake* states in relevant part:

> [The] issue in this case is whether the Constitution requires that an **indigent defendant** have access to the psychiatric examination and assistance necessary to prepare an effective **defense based on his mental condition**, when his **sanity at the time of the offense is seriously in question**.

*Ake*, 470 U.S. at 70 (emphasis added). Put another way, general allegations of need will not suffice to trigger *Ake*: only after "a defendant demonstrates to the trial judge that his **sanity at the time of the offense is to be a significant factor at trial**, [must] the State [], at a minimum, assure the defendant access to a competent

---

[1] The other cases cited by Defendant are inapposite because none of them concern the appointment of an expert to assist counsel.

2

psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of *the defense*." *Id.* at 83 (emphasis added).

In *McWilliams*, where the petitioner was charged with rape and murder, the Supreme Court stated that "no one denies that the conditions that trigger application of *Ake* are present" because (i) petitioner "is and was an 'indigent defendant'"; (ii) "[h]is 'mental condition' was 'relevant to . . . the punishment he might suffer'" since "mitigating circumstances [would] be considered in a capital case in the sentencing stage"; and (iii) his "'mental condition,' *i.e.*, his 'sanity at the time of the offense,' was 'seriously in question.'" 137 S. Ct. at 1794, 1798 (quoting *Ake*, 470 U.S. at 70, 80.)

Here, Defendant fails to meet the threshold criteria required by *Ake*. Though Defendant is indigent, she is not proffering an insanity defense and her sanity is not relevant to the punishment she might suffer. Nor is Defendant's sanity at the time of the alleged offenses "seriously in question." In fact, Defendant's sanity at the time of the alleged crimes is not in question at all. Rather, Defendant's *competency to stand trial* is at issue. Thus, the requested expert would not serve the purpose envisioned by *Ake*. 470 U.S. at 70, 80.

Defendant points to no case in which a court authorized an expert to help defense counsel review a competency report submitted by a court-appointed evaluator when defendant's competency to stand trial is alone at issue. The lack of

case law is likely because, as other courts have articulated, a competency evaluation "is conducted to serve *the court*"—not a defendant—"in a completely nonpartisan manner." *United States v. Caldwell*, 543 F.2d 1333, 1350 (D.C. Cir. 1974) (emphasis added) (citation omitted); *see also Estelle v. Smith*, 451 U.S. 454, 465 (1981) (describing as "neutral" a court-ordered examination used for the sole purpose of determining competency); *United States v. Abernathy*, No. 08-20103, 2009 WL 982794, at *3 (E.D. Mich. Apr. 13, 2009) (quoting FED. PROC. § 22:549, Hearing and Determination as to Competency) ("The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other mental health professionals]. . . . [T]he law imposes the duty and responsibility for making the ultimate decision of such a legal question on the court . . . ."). Indeed, a court-appointed psychiatrist merely furnishes an opinion which the Court, as the final arbiter of competency, may accept or reject.

Moreover, under 18 U.S.C. § 3006A(e)(1), a district court has the authority to authorize payment for investigative, expert, or other services for indigent defendants only after "a demonstration that (1) such services are *necessary* to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced." *United States v. Pacheco*, 466 F. App'x 517, 521 (6th Cir. 2012) (emphasis added) (quoting *United States v. Gilmore*, 282 F.3d 398, 406 (6th

4

Cir. 2002)). Here, Defendant fails to show the "necessity" of an expert to assist defense counsel in evaluating a competency report ahead of a competency hearing.

During the October 25 hearing on this motion, defense counsel stated that "[he] needed [his] own expert to consult with and meet with and go over the report and maybe[,] at the end of the day[,] [his] expert says [Dr. Matto is] spot on, everything here seems to be correct or he might say there's some glaring holes here or there's some inconsistencies in what Dr. Matto says. You know, there's that potential." Tr. at *4. But the Sixth Circuit has made clear that a defendant who points to § 3006A(e)(1) to launch nothing more than a "fishing expedition" has not demonstrated a necessity for expert assistance. *United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) (citing *United States v. Clark*, 385 F.3d 609, 618 (6th Cir. 2004) (citation omitted) (affirming the district court's decision to deny a request for a psychological expert where the need for such expert was based entirely on speculation)); *see also Pacheco*, 466 F. App'x at 521 (quoting *Gilmore*, 282 F.3d at 406) ("A district court need not grant an indigent's motion under § 3006A on the off chance that the requested services might turn up something.").

Ultimately, Defendant fails to make the showing required for the expert assistance contemplated by § 3006A(e)(1) and *Ake*. In addition, the Court is satisfied that it can determine Defendant's competency based on the record

5

available following a competency hearing and without the assistance of additional expert opinion.

Accordingly,

**IT IS ORDERED** that Defendant's motion to appoint an expert to assist defense counsel in evaluating the psychological forensic report of Mikel Matto, M.D. is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 1, 2019