UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                Criminal Case No. 18-20240
v.                                            Honorable Linda V. Parker

SONJA EMERY,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 129)

On February 18, 2020, Defendant Sonja Emery pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of mail fraud and wire fraud in violation of 18 U.S.C. § 1341 and one count of tax evasion in violation of 26 U.S.C. § 7201. (ECF No. 100 at Pg ID 747-745.)  On October 27, 2020, this Court sentenced Defendant to a term of imprisonment of 65 months, followed by three years of supervised release, and ordered her to pay approximately three million dollars in restitution to various former employers and the IRS. (ECF No. 117 at Pg ID 1123, 1124, 1127.)  Presently before the Court is Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c), in which Defendant also seeks the appointment of counsel. (ECF No. 129 at Pg ID 1174, 1253.)  Defendant has also filed a subsequent motion for compassionate release detailing a change in her

circumstances (ECF No. 143), as well as a motion requesting this case be deemed emergent (ECF No. 144). The Government has filed a response to the first motion. (ECF No. 140.) On December 15, 2022, the Court issued an order requesting the Government provide the Court with a status update as to Defendant's medical care, given the alleged urgency of her medical needs. (ECF No. 148.) On January 4, 2022, the Government filed a status report detailing the medical care Defendant has received. (ECF No. 150.) For the reasons below, the Court is denying Defendant's motions.

## APPLICABLE LAW

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary

2

and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, Defendant asserts that her alleged temporal arteritis[1] in combination with the Bureau of Prisons' (BOP) alleged inadequate medical care constitute extraordinary and compelling circumstances warranting her early release. (ECF No. 129 at Pg ID 1173.) Defendant contends that early release would allow her to obtain medical care without further delay to avoid losing her vision entirely. (ECF No. 141 at Pg ID 1490.) The Government argues first that Defendant did not properly exhaust all administrative remedies; second, that Defendant's circumstances are not extraordinary and compelling; and third, that the § 3553(a) factors do not weigh in favor of reducing Defendant's sentence. (*See generally* ECF No. 140.)

## ANALYSIS

The Court does not find it necessary to decide whether Defendant exhausted her administrative remedies or whether she demonstrates extraordinary and compelling circumstances because an analysis of the §3553 factors weighs heavily

---

[1] Defendant attached a document to her motion from the BOP's Health Services Ophthalmologist which states "IMP: 'TEMPORAL ARTERITIS SYNDROME.' OBSERVE, RE-EXAMINTE IN 1-2 MONTHS.'" (ECF No. 129 at Pg ID 1209.) Temporal arteritis is an inflammation of the lining of arteries, most often affecting the arteries in the temples. See https://www.mayoclinic.org/diseases-conditions/giant-cell-arteritis/symptoms-causes/syc-20372758.

3

against granting early release.[2]  These factors include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing the defendant with any necessary correctional services and treatment.  *See* 18 U.S.C. § 3553(a).

     First, the nature of Defendant's crimes does not weigh in favor of early release.  The Sixth Circuit weighed in on the seriousness of wire fraud and white-collar crime generally in *United States v. Rizk*, asserting that they are ". . . not insignificant crimes in view of the applicable twenty-year maximum term of imprisonment."  No. 20-4096, 2021 WL 9476990, at *3 (6th Cir. Feb. 24, 2021).  In *Rizk*, the defendant argued that "deterrence, punishment, and protecting the public are not that important in his case [primarily] because his crimes were nonviolent…."  *Id*. at *2.  The Sixth Circuit disagreed, maintaining that deterrence, punishment, and protecting the public are no less important in cases of wire fraud and white-collar crime generally than they are in cases of violent crime.  *Id*. at *3; *see also United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008) (holding that . . .

---

[2] In an abundance of caution, the Court requested a status report from the Government pertaining to the medical care Defendant is receiving, given the alleged urgency of her medical needs.  In reviewing the report, the Court is satisfied with the medical care Defendant is receiving.

one of the central reasons for creating the sentencing guidelines was to ensure stiffer penalties for white-collar crimes and to eliminate disparities between white-collar sentences and sentences for other crimes."). Courts in this district have also repeatedly found that crimes of wire and mail fraud are very serious offenses that "*weigh strongly* against release." *United States v. Winans*, No. CR 12-20598, 2021 WL 3046851, at *3 (E.D. Mich. July 20, 2021) (emphasis in original); *see also United States v. Williams,* No. CR 17-20179, 2021 WL 1037723, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Constantine*, No. 18-20655, 2021 WL 4487966, at *5 (E.D. Mich. Oct. 1, 2021).

Moreover, Defendant has served less than 30% of her sentence and caused significant loss to numerous employers. (S*ee* ECF No. 140 at Pg ID 1441.) These factors likewise weighed against the defendant's release in *Rizk*. *Rizk*, 2021 WL 9476990, at *3.

Furthermore, as this Court noted at the sentencing hearing, allegations of fraud have followed Defendant for at least twenty years, yet she has evaded any punishment for that conduct. (ECF No. 133 at Pg ID 1359.) It is therefore paramount that just punishment and adequate deterrence are accomplished in this case.

In sum, an analysis of the § 3553(a) factors – including promoting respect for the law, affording adequate deterrence, and protecting the public from further

5

crimes by the Defendant – suggests that a reduction of Defendant's sentence is inappropriate. 18 U.S.C. § 3553(a). This remains true regardless of the outcome of the exhaustion dispute and compelling and extraordinary circumstances asserted.

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (ECF No. 129) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's subsequent motion for compassionate release/amendment (ECF No. 143) and motion to request case be deemed as emergent (ECF No. 144) are **DENIED AS MOOT**.

**IT IS FURTHERED ORDERED** that Defendant's request for appointment of counsel (ECF No. 129 at Pg ID 1174) is **DENIED AS MOOT**.

**SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 12, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 12, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager

7