UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SONJA EMERY

    Defendant.
_____/

Case No. 18-cr-20240
Honorable Linda V. Parker

### OPINION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION TO MODIFY RESTITUTION ORDER (ECF NO. 159)

This matter is before the Court on Defendant Sonja Emery ("Defendant")'s motion to clarify judgment which the Court interprets as a motion to modify her restitution order. (*See* ECF Nos. 159, 166.) The Government has filed a response, arguing that: (1) the motion is moot; (2) she has failed to exhaust her administrative remedies; (3) the Court does not have authority to "micromanage" the BOP; and (4) a challenge to a restitution order is a challenge to the underlying sentence, which must be addressed through a habeas petition. (ECF No. 168.) For the reasons set forth below, Defendant's motion is denied as moot.

On October 30, 2020, Defendant pled guilty to one count of Mail and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, and one count of Tax Evasion, in violation of 26 U.S.C. § 7201. (ECF No. 117 at PageID. 1122.) Defendant was

sentenced to a term of imprisonment of 65 months on the Mail and Wire Fraud count to run concurrent to a 60 month term of imprisonment on the Tax Evasion count. (*Id.* at PageID. 1123.) In addition to the terms of imprisonment, Defendant was ordered to pay over $2.9 million dollars in restitution to the IRS and her victims. (*Id.* at PageID. 1127.) The judgment also directed that "[a]ny remaining balance of the defendant's . . . restitution shall be paid at a rate determined by the United States Probation Department and approved by the Court." (*Id.* at PageID. 1128 (alteration added).)

Defendant states that she has enrolled in the Inmate Financial Responsibility Program (IFRP). (ECF No. 159 at PageID. 1568.) She further states that her initial payments towards restitution began at $25 per quarter, but she agreed to increase her payments to $25 per month, then to $100 per month. (*Id.*) She argues that she was forced to agree to these increases, as failure to agree would place her in "refusal status." (*Id.*) She further states that being placed in "refusal status" could result in loss of her First Step Act credits and would interrupt her re-entry process and her ability to go to a half-way house. (*Id.*) She moves for modification of her judgment to have her restitution payments reduced to their original amount of $25 per quarter to ensure that she can participate in the re-entry program. (*Id.*)

The Government argues that the motion is moot for two reasons. First, Defendant has been released from her facility, Federal Medical Center, Carswell (FCM Carswell) to the BOP Residential Reentry Management field office in New York City. (ECF No. 168 at PageID. 1590.) Specifically, she has been released to a half-way house named the "Bronx Community Re-Entry Center." (*Id.*)

Second, as a result of her release, her obligations under her IFRP have stopped, with her most recent payment having been made on April 6, 2024. (*Id.*; *see also* ECF No. 168-1 at PageID. 1598.)

Defendant's requested relief to modify her payment obligations has been mooted by her release and subsequent termination of her payments to IFRP. Defendant has obtained the ultimate relief that she was seeking as her re-entry has not been interrupted and her payment obligations under her IFRP have stopped. The Court can no longer grant her any additional relief. As a result, Defendant's motion is denied as moot.

With respect to the Government's remaining arguments identified above, the Court will not consider them as a ruling on these issues would amount to an impermissible advisory opinion, as there is no longer a dispute that a ruling would resolve. *See United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)) ("The federal courts have no license to issue advisory opinions.").

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Modify Restitution Order (ECF No. 159) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 17, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 17, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager