UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                   Case No. 18-cr-20240

v.                                 Honorable Linda V. Parker

SONJA EMERY,

      Defendant.

_____/

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 171)

In October 2020, Defendant Sonja Emery ("Defendant") was sentenced to serve a total of 65 months' imprisonment, to be followed by three years of supervised release. (ECF No. 117.) The Court also ordered Defendant to pay $2,330,361 in restitution to her former employers and $697,612.04 to the Internal Revenue Service ("IRS"). (*Id*. at PageID.1127.) Defendant was released from custody on or about February 7, 2025, and presently before the Court is Defendant's Motion for Early Termination of Supervised Release, filed March 5, 2026. (ECF No. 173 at PageID.1694; ECF No. 171.) The Government filed a response to the motion on March 19, 2026. (ECF No. 173.) Defendant filed a reply to on April 10, 2026. (ECF No. 174.)

Under § 3583(e), a district court, after considering a subset of sentencing factors set forth in § 3553(a), has the discretion to terminate a term of supervised release after the defendant completes one year of their supervised release term.  18 U.S.C. § 3583(e)(1).  The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action.  *Id.*

Defendant contends that her supervised release should be terminated early because she has complied with "all court-ordered conditions" and "taken complete responsibility" for her actions.  (ECF No. 171 at PageID.1690.)  Defendant believes an early release would allow her to "more fully meet [her] responsibilities as productive and law-abiding member of society."  (*Id.*)

The Government opposes Defendant's motion for early termination of supervised release.  (ECF No. 173.)  The Government references the Court's Opinion and Order denying Defendant's motion for compassionate release, noting the nature of Defendant's crimes, "weighs heavily against granting early release." (ECF No. 173; ECF No. 151 at PageID.1547-48.)  At this time, Defendant has served approximately a third of the period of supervision imposed by the Court and "moved to terminate it at the first opportunity."  (ECF No. 173 at PageID.1695 ¶ 5.)  Defendant is "part of a group of 'low-supervision' defendants" and the Government is "unaware of any undue burden or impediments" to Defendant's

continued supervision.  (*Id*. at ¶ 4.)  Without continued supervision, the Government argues there will be no reasonable means of assuring Defendant continues to pay restitution to her former employers and the IRS.  (*Id*. at ¶ 5.)

This Court is not convinced that circumstances exist to warrant early termination of Defendant's supervised release term.  Defendant may be complying with the rules governing her release –which is what is expected.  *See United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional.").

The Court reminds Defendant that a supervised release term is in fact a part of the sentence that the Court rendered. One of the factors that the Court weighed in issuing the sentence is "the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant.  Section 3553(a)(2).  Given the nature and circumstances of the offense, this Court believes that the Defendant will benefit from continued supervision.  Moreover, the Court finds continued supervision to be necessary at this time given Defendant's substantial restitution obligations.

While the Court encourages Defendant to continue being a positive role model to her family and contribute positively to her community, there are no facts presented suggesting that there have been circumstances justifying a modification.

Accordingly,

**IT IS ORDERED** the Defendant's Motion for Early Termination of

Supervised Release (ECF No. 171) is **DENIED WITHOUT PREJUDICE.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 7, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 7, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager